UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL, AND INDUSTRY FUND; THE
TRUSTEES OF THE NEW YORK CITY CARPENTERS
RELIEF AND CHARITY FUND; THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION; and THE NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS,

Petitioners,

– against –

INNER CITY CONCEPTS LLC,

Respondent.

**ORDER**

19 Civ. 7997 (ER)

Ramos, D.J.:

 Two union benefit funds, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund (the "ERISA Funds") and the Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), along with the associated labor-management organizations, the New York City and Vicinity Carpenters Labor-Management Corporation (the "Labor-Management Corporation") and the New York City District Council of Carpenters (the "Union"), petition the Court to confirm an arbitration award against Inner City Concepts LLC ("Inner City"), invoking the Court's jurisdiction under 29 U.S.C. § 185.  For the reasons stated below, the petitioners' motion is GRANTED.

## I.      BACKGROUND

### A.  Factual Background

The petitioners are all labor-related organizations that function for the benefit of
carpenters in the New York City area.  The ERISA Funds are trustees of several labor-
management trust funds based in New York City and organized and operated in accordance with
the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*,
based in New York City.  Doc. 1 ¶ 4.  The Charity Fund is a 501(c)(3) charitable organization
based in New York City.  *Id.* ¶ 5.  The Labor-Management Corporation and the Union are labor-
management organizations based in New York, as well.  *Id.* ¶¶ 6–7.  The respondent, Inner City,
is a limited liability company organized under the laws of the State of Pennsylvania that has
employed carpenters affiliated with the petitioners.  *Id.* ¶ 8.

On June 22, 2016, Inner City entered into an agreement with the Union (the
"Agreement"), which was to be automatically renewed for one-year intervals.  Doc. 1, Exs. A–B.
Neither party has provided notice to terminate the Agreement, and, as such, the Agreement
remains in effect.  Doc. 1 ¶ 12.  Indeed, in June 2019, Inner City executed an Administration
Form, further binding it to the Agreement.  Doc. 1, Ex. C.  Pursuant to the Agreement, Inner City
was required to remit contributions to the Funds for every hour worked by its Union member
employees within the Union's trade and geographical jurisdiction.  *Id.* ¶ 13.  Inner City was also
required to submit to an audit by the Funds, including furnishing its books and payroll records
when requested by the Funds, to determine if it had met this requirement.  *Id.* ¶ 14.  The
Agreement also binds Inner City to the Fund's Collection Policy.  *Id.* ¶ 15.  The Collection Policy
states that:

> In the event that an employer refuses to permit a payroll review and/or audit
> . . . the Fund Office shall determine the estimated amount of the employer's

2

> delinquent contributions based on the . . . highest number of average hours reported per week for any period of four consecutive weeks during the audit period.

Doc. 1, Ex. D § IV(12).

The Agreement contains an arbitration clause, which provides:

> Should any dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest of which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder by filing a notice of intent to arbitrate in writing with said impartial arbitrator, and serving a copy of said notice on the Employer . . . .  Unless a waiver is mutually agreed to in writing by the parties hereto, a hearing shall be convened within twenty (20) days of submission and the arbitrator shall submit his award within twenty (20) days after the close of the hearing.  The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages.  The arbitrator's award in this regard shall be final and binding upon the parties hereto and the individual Employer . . . and shall be wholly enforceable in any court of competent jurisdiction.  The cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party.

Doc. 1, Ex. A, Article XI § H.  The Agreement further specifies that any arbitration would take place before either Roger Maher, Richard Adelman, or Bonny Weinstock.  *Id.*  Both the Agreement and the Collection Policy provide that, if the Funds are required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds may collect, in addition to delinquent contributions:  (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorney's fees.  Doc. 1 ¶ 18.  According to the Collection Policy, "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts . . . ."  *Id.* ¶ 28 (quoting Doc. 1, Ex. D § V(6)).

A dispute between the parties arose when Inner City failed to grant the Funds access to its books and records to conduct an audit pursuant to the Agreement. *Id*. ¶ 19. Notwithstanding its recalcitrance, the Funds determined that Inner City owed an estimated principal deficiency of $1,847,121.66. *Id.* ¶ 20.

Petitioners subsequently initiated arbitration before Roger Maher and mailed Inner City a notice of hearing to be held on July 15, 2019. Doc. 1, Ex. E. Inner City failed to appear at the hearing. Doc. 1, Ex. F at 2. On July 18, 2019, Maher found that Inner City violated the Agreement and ordered it to pay the Funds $2,416,118.21. *Id.* ¶ 23. The sum consisted of:

- A principal deficiency of $1,857,121.66;

- Interest on the principal deficiency in the sum of $185,172.22;

- Liquidated damages of $361,424.33;

- Court costs of $400;

- Attorney's fees of $1,500; and

- The arbitrator's fee of $500.

*Id.* Maher further found that an interest rate of 7.5% from the date of the issuance of the Award was appropriate. *Id.* ¶ 24. Inner City has yet to pay any portion of the award, and it has not moved to vacate or modify the award. *Id.* ¶¶ 25–26.

Counsel for Petitioners, Nicole Marimon and Adrianna Grancio of the law firm Virginia & Ambinder, LLP, have submitted billing records reflecting 3.2 hours of work at a rate of $275 per hour, for a total of $880 in attorney's fees. *Id.* ¶¶ 30–34. They have also incurred costs of $75 in connection with this litigation. *Id.* ¶ 35.

### B.  Procedural History

Petitioners filed this petition to confirm the arbitration on August 27, 2019. Doc. 1. Inner City was served on September 9, 2019, and its answer was due on September 30, 2019. Doc. 8.

Inner City failed to do so.  On January 16, 2020, Petitioners wrote the Court to request that its petition be deemed an unopposed motion for summary judgment.  Doc. 10.  The Court directed Inner City to respond by January 22, 2020 and advised it that failure to do so would result Petitioners' application being granted.  Doc. 11.  Inner City again failed to respond.  As such, the Court will deem the petition unopposed.

## II.   LEGAL STANDARD

### A.  Standard for Confirming Arbitrations

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court.  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  The court is required to grant the award unless it is vacated, modified, or corrected.  *Id.* (quoting 9 U.S.C. § 9).  An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review."  *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal punctuation and quotation marks omitted) (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).  It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co*., 462 F.3d at 110 (internal quotation marks omitted) (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).  In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on

the merits. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted).

### B.  Summary Judgment Standard

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record." (internal quotation marks and citation omitted)).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).  If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law."  *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998).  The Court must "construe the facts in the light most favorable to the non-moving party

and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

## III.   DISCUSSION

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing arbitration award.  The Agreement provides that in the event that a "dispute or disagreement arise[s] between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator."  Doc. 1, Ex. A, Article XI § H. The Agreement further provides that "[t]he arbitrator's award in this regard shall be final and binding upon the parties hereto and the individual Employer," and that any arbitration was to take place before one of three pre-selected arbitrators, as it did here.  *Id.*

After providing notice to Inner City, Maher found that Inner City was in default.  Doc. 1, Ex. F at 2.  The arbitrator heard evidence from the petitioners detailing the operative agreement, Inner City's failure to provide access to its records, and the calculations of damages.  There is no indication that this decision was made arbitrarily, that it exceeded the arbitrator's jurisdiction under the agreement, or that it was contrary to law.  *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

Accordingly, the Court finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the arbitration

award should be CONFIRMED.  *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced . . . if there is 'a barely colorable justification for the outcome reached.'" (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978))).

### A.  Attorney's Fees, Costs, and Post-Judgment Interest

Petitioners also seek to recover an award of attorney's fees and costs for the instant motion to confirm, as well as post-judgment interest.

The Court agrees that the award of attorney's fees in connection with this motion is merited.  "[C]ourts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."  *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)).  Inner City did not abide by the arbitration award and failed to timely participate in this action.  The Court has reviewed the records supporting the 3.2 hours of attorney work at a rate of $275.00 per hour; it finds those fees reasonable.  It finds the $75 in costs incurred for this action reasonable, as well.

The Court also grants post-judgment interest on the full judgment amount pursuant to 28 U.S.C. § 1961(a).  *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

### IV.  CONCLUSION

For the reasons stated above, the petitioners' motion is GRANTED.  The arbitration award is confirmed, and the Clerk of the Court is directed to enter judgment in favor of the petitioners in the amount of $2,416,118.21 against Inner City plus interest at a rate of 7.5% per annum accruing from July 18, 2019 until the date of entry of judgment.  The Clerk is also

directed to add $880 in attorney's fees and $75 in costs to that amount.  This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961.  The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   June 30, 2020
         New York, New York

_____
         Edgardo Ramos, U.S.D.J.